NOT FOR PUBLICATION                                        CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIEUTENANT EDWIN GOODWIN, | |
| Plaintiff, | Civil Action No. 06-2877 (SDW) |
| v. | |
| DONALD MARTIN, as Chief of Police and individually; and the BOROUGH OF EDGEWATER, | OPINION |
| | October 12, 2007 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court are Defendants' Donald Martin ("Defendant Martin") and the Borough of Edgewater's ("Borough" or collectively "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, **GRANTS** and **DENIES** the motion in part.

**I.   JURISDICTION AND VENUE**

This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and pendent jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(a).

1

## II. FACTS and PROCEDURAL HISTORY

Plaintiff Lieutenant Edwin Goodwin ("Plaintiff") filed the instant Complaint in this Court alleging, *inter alia*, four causes of action against Defendants:

1. Deprivation of First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 by Defendant Martin. (Pl.'s Compl. ¶¶ 7-18.)

2. Deprivation of First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 by Defendant Borough. (Pl.'s Compl. ¶¶ 19-24.)

3. Defamation of character based in slander against Defendant Martin. (Pl.'s Compl. ¶¶ 25-30.)

4. Refusal to promote based on age discrimination in violation of N.J.S.A. 10:5-1 et seq. by Defendants. (Pl.'s Compl. ¶¶ 31-33.)

Defendants filed an Answer generally denying Plaintiff's allegations. Defendants subsequently filed a counterclaim against Plaintiff seeking $10,350.00 in reimbursement for Emergency Medical Technician ("EMT") stipends Plaintiff received from the Borough annually as a certified EMT between July 1, 2000 and June 30, 2003. Defendants now move for summary judgment on the Complaint and their Counterclaim. No opposition has been filed by Plaintiff.[1]

## III. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

---

[1] Although the Court granted Plaintiff a considerable extension of time to file opposition, none has been received.

Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant; it is material if under the substantive law, it is outcome-determinative. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant has the initial burden to demonstrate that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). The movant must "present a factual scenario without any unexplained gaps." National State Bank v. Federal Reserve Bank of New York, 979 F.2d 1579, 1581 (3d Cir. 1992). Moreover, where the movant is the defendant, or the party that does not have the burden of proof on the underlying claim, it "has no obligation to produce evidence negating its opponent's case." Id. Rather, the movant can simply "point to the lack of any evidence supporting the non-movant's claim." Id. Once the movant has carried its burden under Rule 56(c), the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the opposing party fails to do so, "summary judgment, if appropriate, shall be entered against the [non-movant]." Fed. R. Civ. P. 56(e). In determining whether there is a genuine issue of material fact, the Court may not weigh the evidence or determine the truth in the matter. Anderson, 477 U.S. at 249. Moreover, the Court must draw all reasonable inferences in favor of the non-movant. Id. at 255.

Especially relevant to the Court's analysis in the instant matter is Local Civil Rule 56.1, which states in pertinent part: "On motions for summary judgment, each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." Moreover, where possible, the Court prefers a single joint Rule 56.1 statement. Milligan v. Sentry Exteriors, No. 00-2279, 2005 WL 1229791, at *1 n.3 (D.N.J. May 24, 2005). Where a joint

3

statement is not submitted, however, "facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted." Hill v. Algor, 85 F. Supp. 2d 391, 408 n.26 (D.N.J. 2000); White v. Camden City Board of Education, 251 F. Supp. 2d 1242, 1246 n.1 (D.N.J. 2003), *aff'd*, 90 Fed. Appx. 437 (3d Cir. 2004); S.C. v. Deptford Township Board of Education, 248 F. Supp. 2d 368, 374 n.3 (D.N.J. 2003). *Accord* Montville Township v. Woodmont Builders, No. 03-2680, 2005 U.S. Dist. LEXIS 18079, at *25-6 (D.N.J. Aug. 17, 2005) (holding that where plaintiff did not file a Local Rule 56.1 statement, "the Court will accept as true [defendant's] uncontested statement of facts for the purposes of ruling"), *rev'd on other grounds*, No. 05-4888, 2007 U.S. App. LEXIS 18825 (3d Cir. Aug. 8, 2007); Longoria v. New Jersey, 168 F. Supp. 2d 308, 312 n.1 (D.N.J. 2001) (holding that under Local Rule 56.1, where plaintiff had not filed a statement of undisputed material facts, the Court would treat facts submitted by defendant as admitted unless controverted "in his briefs or contradicted by the evidence"); Maertin v. Armstrong World Industries, No. 95-2849, 2000 U.S. Dist. LEXIS 5857, at *4 n.1 (D.N.J. May 3, 2000) (holding that where defendant submitted the required statement and plaintiff did not respond, "those facts, which are backed up by evidence, are deemed admitted.")

## IV.  DISCUSSION

### A. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*COUNT ONE – Plaintiff's Multiple Deprivation of Civil Rights Claims*

Plaintiff contends in the complaint that "from June, 2004 and continuing until the present time," Defendants have subjected him to repeated incidents of harassment, a hostile work environment, and violation of his constitutionally protected rights to privacy, procedural and substantive due process, property and freedom of speech and expression in matters related to

issues of public concern or protected political activities. (Pl's. Compl. ¶¶ 7-18.) Plaintiff further claims that the foregoing "deprived Plaintiff of the rights, privileges and immunities secured by the Constitution of the United States and the Constitution of the State of New Jersey, and the laws of the United States, particularly 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988." (Pl's. Compl. ¶ 9.) Plaintiff seeks redress for Defendants violation of his constitutional rights through the application of 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Defendants now move for summary judgment arguing that "there is no evidence in the Motion Record to establish a *prima facie* case such that Defendants can be held liable as a matter of law based upon such claims." (Defs.' Mot. Sum. J. 1.) As no evidence or documentation has been presented by Plaintiff to rebut Defendants' argument, and the Court is bound under Local Civil Rule 56.1 and its case law progeny to accept as true Defendants' statement of facts as set forth in Defendants' moving papers, the Court is left with no alternative other than to credit Defendants' argument. More specifically, the Court finds that Plaintiff has failed to establish any civil rights violations, and therefore, enters summary judgment as no genuine issue of material fact exists which would warrant the denial of Defendants' motion. Additionally, the Court's own independent analysis of the motion record yields no finding to the contrary or any inaccuracies in Defendants' proofs. Irrespective of this finding, this Court will address each of Plaintiff's civil rights claims below individually and solely on the record before the Court.

### a. Plaintiff's Substantive Due Process Deprivation Claim

Plaintiff claims that Defendants, acting under color of law, violated his substantive due process rights by harassing him and creating a hostile work environment. The claims are ambiguous as framed and unsupported by the motion record. Substantive due process bars certain arbitrary government actions, regardless of the fairness of the procedures used to implement them. Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 364 (1996) (citing Daniels v. Williams, 474 U.S. 327, 337 (1986). The United States Supreme Court "has long hesitated to afford an overly-broad reading to the substantive component of the Due Process Clause." Id. at 365. Substantive due process does not protect individuals from all governmental actions that infringe liberty or injure property in violation of some law. Id. at 366; McCullough v. City of Atlantic City, 137 F. Supp. 2d 557, 565 (D.N.J. 2001). Rather, "substantive due process is reserved for the most egregious governmental abuses against liberty or property rights; abuses that shock the conscience or otherwise offend . . . judicial notions of fairness . . . [and that are] offensive to human dignity." Id. at 365 (citing Weimer v. Amen, 870 F.2d 1400, 1405 (8th Cir. 1989)). The United States Supreme Court has held that "with the exception of certain intrusions on an individual's privacy and bodily integrity, the collective conscience is not easily shocked." Id. at 366. Likewise, in cases raising substantive due process claims under the New Jersey Constitution, the New Jersey Supreme Court utilizes the "standards developed by the United States Supreme Court under the federal Constitution." PC Air Rights, L.L.C. v. Mayor and City Council of City of Hackensack, 2006 WL 2035669, 9 (N.J. Super. Ct. Law Div. July 20, 2006) (citing Roman Check Cashing, Inc. v. N.J. Dep't of Banking and Ins., 169 N.J. 105, 110 (2001)).

6

In the matter at bar, the Court finds that Plaintiff's claims for harassment and hostile work environment are *prima facie* time-barred as having accrued more than two years ago from the date of filing in accordance with N.J.S.A. 2A:14-2. *See* Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23 (3d Cir. 1989) (confirming that in New Jersey a personal injury claim must be brought within two years of the date of accrual). Actions brought pursuant to § 1983 are subject to the statute of limitations applicable to personal injury claims in the state in which the claim arose without regard for the facts upon which the claim is based or the nature of the injury sustained. Wilson v. Garcia, 471 U.S. 261 (1985); 3085 Kennedy Realty Co. v. Tax Assessor of City of Jersey City, 287 N.J. Super. 318, 323 (App. Div. 1996). As Plaintiff has already attested in the Complaint that the controlling date for his alleged civil rights claims is June 2004, any instance of harassment or hostile work environment offered in support of a potential § 1983 claim pre-dating June 26, 2004 (the date of filing) is time-barred as a matter of law. In light of the foregoing and the record presented, Plaintiff has not substantiated a cognizable claim for deprivation of any constitutionally-protected substantive due process right.

### b. Plaintiff's Procedural Due Process Deprivation Claim

Irrespective of the fact that Plaintiff's procedural due process claim is similarly time-barred, this Court finds that Plaintiff has failed to set forth or substantiate an actionable federal or state procedural due process deprivation claim. While the New Jersey Supreme Court has consistently, yet cautiously, proffered that local governmental entities should ideally provide a pre-deprivation hearing whenever practicable, it has also specifically rejected the idea that local government must do so "at a meaningful time and in a meaningful manner" pre-deprivation. Rivkin, 143 N.J. at 372. In support of this notion, the United States Supreme Court has held that

there is no procedural due process right to a pre-deprivation hearing where there is an opportunity for post-deprivation review. Gilbert v. Homar, 520 U.S. 924 (1997). Post-deprivation remedies are deemed to be satisfactory substitutes for pre-deprivation remedies when a meaningful pre-deprivation hearing is impracticable, and where property, rather than a life or a liberty interest, is at stake. Rivkin, 143 N.J. at 372-374. Thus, an adequate post-deprivation hearing will satisfy the requirements of the procedural Due Process Clause. Id. Therefore, the threshold question in any procedural due process case is whether there exists an adequate post-deprivation remedy.

As this Court lacks information as to what, if any, action Plaintiff took to address his alleged procedural due process claim prior to filing the instant Complaint, it is assumed that Plaintiff availed himself of no such action. More specifically, Plaintiff has not demonstrated deprivation of any constitutionally-protected interest which would give rise to a valid procedural due process claim. In short, Plaintiff has failed to prove any adverse employment action by Defendants or that they in any way violated his right to procedural due process. Summary judgment is therefore awarded to Defendants on this claim.

### c. Plaintiff's Freedom of Speech and Expression Claims

Plaintiff claims his "rights of freedom of speech and expression, in matters related to issues of public concern or protected political activities" were violated, yet his general allegation is ambiguous and unsupported on the record before the Court. (Pl's. Compl. ¶ 15.) The United States Supreme Court has ruled that in order to establish a First Amendment violation based upon protected speech or expression a plaintiff must prove: (1) that the conduct was "constitutionally-protected"; and (2) that the conduct was a "substantial factor" or a "motivating factor" in the alleged retaliatory action. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287

8

(1977). To determine if an employee has engaged in protected Free Speech a court must consider whether the speech "can fairly be characterized as constituting speech on a matter of public concern" relating to the plaintiff's employment but not equating speech "upon matters of only personal interest." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993); Swineford v. Snyder County Pa., 15 F.3d 1258 (3d Cir. 1994). Plaintiff must also submit either direct or circumstantial evidence of causation sufficient to raise the inference that plaintiff's protected speech or association was the likely reason for the adverse employment action in order to establish a cognizable claim. Rodriguez v. Torres, 60 F. Supp. 2d 334, 339-340 (D.N.J. 1999); Robertson v. Fiore, 62 F.3d 596, 601 (3d Cir. 1995).

Plaintiff has failed to submit any evidence that conduct in which he had engaged in constituted "protected activity" under the state or federal Constitutions. Additionally, he has not alleged any conduct relating to any "matter of public concern." Thus, this Court need not conduct any further analysis as Plaintiff has not carried his burden. Defendants are entitled to summary judgment on this claim.

### d. Plaintiff's Claims for Violation of 42 U.S.C. Sections 1981 and 1985

As Plaintiff's § 1983 claim has already been addressed, the Court will restrict its analysis to Plaintiff's claims for violation of 42 U.S.C. §§ 1981 and 1985. To state a claim pursuant to § 1985 "a claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (emphasis in original) (internal citations and quotations omitted). In the matter at bar, Plaintiff has not alleged any discrimination based upon his race or membership in any protected class. As such, Plaintiff's § 1985 claim is unsupported and subject to

dismissal as a matter of law. Id. Similarly, § 1981 protects against discrimination on the basis of race or alienage, and is directed solely at racially-motivated misuse of governmental power. Plaintiff, however, has not alleged any discrimination based upon his race or alienage. Thus, Plaintiff's claims pursuant to §§ 1981 and 1985 are unsustainable and properly disposed of on summary judgment.

### COUNT TWO – *Plaintiff's Liability Claim against Defendants*

Plaintiff contends in the complaint that the Borough is vicariously liable for Defendant Martin's conduct and actions by allowing, condoning or fostering such conduct and actions with actual or imputed knowledge. (Pl's. Compl. ¶¶ 20-24.) However, Plaintiff has failed to specifically set forth what conduct or actions Defendants engaged in that purportedly violated his rights other than mere citation to Defendant Martin's comments regarding Plaintiff's EMT certification status. The Third Circuit has consistently ruled that a municipality cannot be held liable under § 1983 on a theory of *respondeat superior* or solely because it employs a tortfeasor. Fagan v. City of Vineland, 22 F.3d 1283, 1291 (3d Cir. 1994). Yet, a municipality can be sued directly under § 1983 where action or inaction, pursuant to a municipal policy or custom or practice, causes the occurrence of a constitutional tort that results from the entity's policy or custom or practice. Id. In order for a public entity to be liable for damages pursuant to § 1983, a litigant must prove either: (a) an official policy or custom or practice which results in constitutional violations; or (b) conduct by officials in authority evidencing implicit authorization or approval or acquiescence in the unconstitutional conduct. Popow v. City of Margate, 476 F. Supp. 1237, 1237-40 (D.N.J. 1979). See also, Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). Plaintiff has failed to identify the requisite specific policy or custom

10

established by the municipal entity or its officials which is alleged to have violated Plaintiff's constitutional rights. Hence, without specificity as to the custom or policy, no legal analysis can be conducted. This Court will not speculate.

Although Plaintiff has failed to present any specific evidence regarding Defendant Martin's conduct or actions, Defendant Martin is entitled to qualified "good faith" immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982). Generally, in an action for damages pursuant to § 1983, the threshold issue to be determined is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution. However, when a defendant asserts the affirmative defense of qualified immunity (as Defendant Martin has done here), the next issue to be determined is whether the defendant is entitled to such an immunity. Callahan v. Lancaster-Lebanon Intermediate Unit 13, 880 F. Supp. 319, 335 (E.D. Pa. 1994), ref. Harlow, 457 U.S. 800. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818.; Skevofilax v. Quigley, 586 F. Supp. 532, 537 (D.N.J. 1984). A public employee need only show the "objective reasonableness of his conduct" in order to avail himself of the shield of "good faith" immunity and to obtain summary judgment in a civil suit for damages under § 1983. Harlow, 457 U.S. at 807.

Defendant Martin is entitled to avail himself to the qualified "good faith" immunity shield since his actions with respect to Plaintiff were not only made in his official capacity as Chief of Police, but they were objectively reasonable as a matter of law. It further appears on this record that Defendant Martin did not take any adverse action against Plaintiff. In addition, Plaintiff has

11

failed to present any factual or legal basis to support his claim that he was denied any rights as a result of Defendant Martin's actions. Upon review of the record, it appears as though the alleged unconstitutional actions claimed to have adversely affected Plaintiff were solely the result of Defendant Martin's acts in his official capacity as Chief of Police. Therefore, Defendant Martin cannot be held liable for damages pursuant to § 1983 based upon his entitlement to qualified "good faith" immunity under Harlow and an award of summary judgment is appropriate.

### COUNT THREE – *Plaintiff's Claim for Defamation of Character-Slander*

Plaintiff brings a claim under state law for defamation of character and slander stemming from, "Defendant Martin publicly accus[ing] Plaintiff of defrauding the Borough." (Pl's. Compl. ¶ 26.) Defendant Martin is charged by Plaintiff with uttering false statements with knowledge of their falsity "to other officers, the Municipal Council and the public at large" for purposes of denigrating Plaintiff's "reputation among other officers and the community . . . [and] to force [him] to retire from the police department." (Pl's. Compl. ¶¶ 26-29.) Plaintiff asserts a general diminution in standing in the community and amongst his peers, and an unspecified loss of wages and reduction in the likelihood of promotion within the department. (Pl's. Compl. ¶30.) In reply, Defendants assert that Plaintiff's claim is fatally deficient on the record presented, and thus, subject to summary judgment on numerous independent grounds as set forth below.

**a. Plaintiff's Claim is Time-Barred under the applicable Statute of Limitations.**

As the Complaint in the instant litigation was filed on June 26, 2006, any defamation claim based on any statement Defendant Martin made prior to June 26, 2005 is time-barred in accordance with the one-year statute of limitations governing such claims. N.J.S.A. 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the

publication of the alleged libel or slander.") Schiavone v. Fortune, 477 U.S. 21, 23-24 (1986); Palestri v. Monogram Models, Inc., 875 F.2d 66, 68 (3d Cir. 1989); Cipriani Builders, Inc. v. Madden, 389 N.J. Super. 154, 172 (App. Div. 2006). N.J.S.A. 2A:14-3 is also strictly construed. Doug Grant, Inc. v. Greate Bay Casino Corp., 3 F. Supp. 2d 518 (D.N.J. 1998), *aff'd as mod. and remanded* 232 F.3d 173, *cert. den.* 532 U.S. 1038; Monroe v. Host Marriot Services Corp., 999 F. Supp. 599 (D.N.J. 1998). As the most recent Borough Meeting in which any statement could be attributed to Defendant Martin regarding Plaintiff occurred on October 4, 2004, Plaintiff's defamation claim is time barred.

**b. Plaintiff has Failed to Set Forth or Substantiate a Prima Facie Defamation Claim.**

In order to maintain a state defamation claim against Defendant Martin, Plaintiff must first prove by a preponderance of the evidence the following elements: (1) Defendant made defamatory statements of fact; (2) the statements concerned Plaintiff; (3) the statements were false; (4) the statements were communicated to a person or persons other than Plaintiff; and (5) Defendant made the statements with knowledge of their falsity or with reckless disregard of whether they were true or false. Lawrence v. Bauer Publ'g and Printing, Ltd., 89 N.J. 451 (1982). New Jersey courts have consistently followed the United States Supreme Court's standard for defamation in cases regarding speech of a public concern, only allowing for recovery if a plaintiff can establish that the alleged defamation was made with knowledge of its falsity or with reckless disregard for the statement's truth. Newman v. Delahunty, 293 N.J. Super. 491, 498-499 (Law Div. 1994), *aff'd*, 293 N.J. Super. 469 (App. Div. 1996). In order for a statement to be considered legally defamatory the statement must be false. Higgins v. Pascack Valley Hosp., 158 N.J. 404, 426 (1999). In light of the fact that Plaintiff has offered no support for his allegation that Defendant

13

Martin publicly accused Plaintiff of defrauding the Borough, the evidence in the record unequivocally establishes that Plaintiff has failed to satisfy any of the five factors in the Lawrence case. Consequently, Plaintiff's defamation claim is ripe for summary judgment.

### COUNT FOUR – *Plaintiff's NJLAD Claim for Age Discrimination*

Plaintiff brings this age discrimination action pursuant to the New Jersey Law Against Discrimination ("NJLAD") asserting that, "as a result of Plaintiff's age Defendants' [sic] have failed and refused to promote Plaintiff to the position of Police Captain." (Pl's. Compl. ¶ 2.) N.J.S.A. 10:5-1 et seq. To sustain a claim for discrimination, New Jersey has adopted the procedural burden-shifting methodology articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Zive v. Stanley Roberts Inc., 182 N.J. 436, 447 (2005). The McDonnell Douglas framework consists of three prongs. First, the plaintiff must establish a *prima facie* case of discrimination. Then the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. Finally, the burden shifts back to the plaintiff to produce evidence that shows that the employer's proffered reason is pretextual. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). Under the NJLAD, a plaintiff terminated from employment must establish a *prima facie* case of age discrimination by showing that: (1) he was in a protected group; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he nevertheless was fired; and (4) the employer sought someone to perform the same work after he left. Fischer v. Allied Signal Corp., 974 F. Supp. 797, 805 (D. NJ 1997) (citation omitted); Bergen Commercial Bank v. Sisler, 157 N.J. 188, 209-214 (1999).

A review of the record yields that the true essence of Plaintiff's age discrimination claim is that Defendants did not assign him to serve as "acting captain" in the interim between a former

captain's retirement in 2004 and the promotion of new captain in 2006. Interestingly, Plaintiff admitted at his deposition that he was not alleging that he should have been promoted to the rank of captain at any time; Plaintiff has merely alleged that he was denied the temporary assignment to serve as "acting captain" within the police department. The essence of Plaintiff's claim then is that he did not receive a temporary or acting assignment to which he believed he was entitled. Defendants did not assign anyone, however, to serve as "acting captain" during this period. This fact eviscerates Plaintiff's claim that he did not receive the assignment because of his age since no other employee who was "outside the protected class," i.e. an employee younger than Plaintiff, had been assigned to serve in this capacity. Plaintiff failed to cite any past instances in which any officer had been made a temporary "acting captain." In fact, no one within the police department was officially promoted to the rank of captain until 2006. Plaintiff further admits that he was never promoted to the rank of captain while he was on the force as his test scores ranked him comparatively lower to other eligible officers.

    Plaintiff has failed to set forth a *prima facie* case for age discrimination under the NJLAD. He has not demonstrated that he is part of a defined protected group nor was he terminated from his job–he retired. Plaintiff has also failed to show he was performing his job at a level that met his employer's legitimate expectations and that his employer sought someone to perform the same work he did after he retired. As Plaintiff has failed to substantiate a *prima facie* case of age discrimination under the NJLAD, the Court need not address the second and third prongs of the McDonnell Douglas framework. Summary judgment is granted on Plaintiff's NJLAD claim.

## B. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM

Defendants seek summary judgment on their counterclaim ordering reimbursement of stipend funds in the amount of $10,350.00 from Plaintiff. Defendants allege that Plaintiff retained stipend funds improperly paid to him. Specifically, Plaintiff failed to obtain his EMT certification for the stipend years 2000-2003 (which is required in order to qualify for the $3,900.00 annual stipend), thus rendering him ineligible.

Despite Plaintiff's failure to respond or otherwise address Defendants' Motion and Counterclaim, the Court's independent analysis of the motion record yields that Defendants are not entitled to recover said monies from Plaintiff. Most notably, the October 4, 2004 Borough Council Closed Session Minutes reflect that the Mayor and Council unanimously assented to absolve Plaintiff of his EMT stipend repayment obligation for 2000-2003. This Court will not disturb that previously authorized action. Consequently, Defendants' application for summary judgment on their Counterclaim is denied and the Counterclaim is dismissed without prejudice.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) is hereby **GRANTED** as to Plaintiff's Complaint and **DENIED** as to Defendants' Counterclaim. Plaintiff's Complaint is dismissed in its entirety with prejudice and Defendants' Counterclaim is dismissed without prejudice. The Clerk of the Court shall remove this case from the Court's active docket.

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.